## LABRANCHE *v.* TREPAGNIER et al.

Where a surviving spouse, who had qualified as the natural tutrix of her minor children, causes herself to be appointed, under art. 1037 C. C., administrator of her husband's succession, there being an heir of age at the opening of the succession, and creditors, and on the day of her appointment executes a bond, with surety, for her faithful administration, in a sum fixed by the judge in virtue of the discretion reposed in him by art. 1037, binding herself faithfully to account over to the heirs, or to any other person having a right to receive the amounts of the succession." The amount of the bond being less than half the amount required in case of an appointment under art. 1041 C. C., the bond must be considered as executed only with a view to protect the interests of the creditors who had

made themselves known, and of the heirs of age, who may have been satisfied with the security which a bond of that amount offered. The surety in such a bond cannot be made liable to the minor heirs for any amount due to them from their father's succession, received and not accounted for by their mother. *Per Cur:* A surviving parent, who is the tutor of his child, is not bound to give security for the administration of his estate, the tacit mortgage on the property of the tutor affording, in the eye of the law, a sufficient guaranty for the protection of the interests of the minor. The creditors of the succession, and the heirs of age, being the only persons who could require security from the mother, it results that the security given was exclusively for their benefit.

*Margin note:* LABRANCHE *v.* TREPAGNIER.

APPEAL from the District Court of St. Charles, *Nicholls*, J. *St. Paul*, for the plaintiff. *Rozier* and *Hubert*, for the appellants. The judgment of the court ( KING, J. absent,) was pronounced by

FUSTIS, C. J. *Leonce, Numa* and *Amedée Trepagnier*, the parties defendant on the record, are appellants from a judgment of the Court of the Fourth District, sitting in the parish of St. Charles, in a suit in which *Similien Labranche*, the appellee, is the plaintiff. The judgment was rendered in favor of the appellee, on a reconventional demand, set up against him by the appellants, but in their favor severally, against their mother and natural tutrix, for the sum of $3,754, with interest. The matter in dispute between the parties is the responsibility of the appellee for these sums, being the amount of the judgment they have obtained against their mother, for their respective shares of their father's succession, on an account rendered by her as administratrix of said succession.

The district judge, whose opinion has been prepared with great care, considered that the heirs of the late *Pierre Trepagnier*, among whom are the appellants, had no legal interest in the bond given by the plaintiff and appellee, upon which he is sought to be made liable. This question is first to be examined, and, if the conclusions of the judge are concurred in by this court, no other inquiry becomes necessary.

The bond is in these words:

"Know all men by these presents, that I, *Celeste Delhommer*, widow of *Pierre Trepagnier*, as principal, do bind myself unto the Hon. J. S. *Labranche*, Judge of the Court of Probates, in, and for the parish of St. Charles, State of Louisiana, and unto his successors in office, in the just and full sum of $46,000. And I *Similien Labranche*, of the parish of St. John the Baptiste, as security, do bind myself unto the said Judge, and unto his successors in office, for the said sum of $46,000. The condition of the present obligation is such that, if the above bounden widow *Pierre Trepagnier* shall truly and faithfully administer the estate of the late *Pierre Trepagnier*, and faithfully account over to the heirs, or to any other person or persons having right to receive the amounts of the succession, of said late *Pierre Trepagnier*, and otherwise fulfil all the obligations of her charge, then the above bond shall be null and void, otherwise to remain in its full force and virtue.

" In witness whereof, we hereunto set our hands, and affixed our seals, in the presence of *Messrs. François Chaix*, and *Hypolite Trepagnier*, witnesses of the parish of St. Charles, this 21st day of January, in the year of our Lord 1839, being the 63rd year of the Independence of the U. S. of America.

(Signed) TREPAGNIER NEE DELHOMMER,
SIMILIEN LABRANCHE.

F. CHAIX, H. TREPAGNIER, witnesses."

The appellants were minors at the time of the execution of this bond, and their mother was their natural tutrix. She took the oath, and obtained letters

LABRANCHE
*v.*
TREPAGNIER.

of tutorship, of all the minor heirs of her deceased husband, and caused an under tutor to be appointed to them. Two days before the bond bears date, Mme. Trepagnier, as tutrix of her minor children, applied by petition to the Court of Probates, to be appointed administrator of the succession of her husband, and the court rendered a decree on the day the bond bears date, by which she was appointed, and directing letters of administration to issue, on her taking the oath and giving the bond for the security of her faithful administration.

The appellants assume that the appointment of their mother was regularly made, and the bond given to secure the faithful administration on her part; that, by the conduct of the administratrix, the condition of the bond has been broken, and the surety is, consequently, liable to make good to them the amount of the proceeds of their father's succession still retained by their mother, for which they have judgment against her.

It is to be observed that, under the pleadings, the cause of action is confined to the responsibility of the surety for the retention of those proceeds, no other act being understood as assigned as a ground of action against the appellee in this court, or supported by evidence in the court below. The judgment of that court was for the precise sum admitted to be due by Mme. Trepagnier in her answer, and no application has been make to increase the amount of that judgment, in this court. Nor do the appellants represent any other interest than their own; the heir of age at the time of the decease of Trepagnier, is no party to this suit, and the creditors we are authorized in considering as satisfied, or having no interest in the suit.

The appointment of Mme. Trepagnier as administratrix appears to have been made under art. 1037 of the code, which provides that, if all the beneficiary heirs be minors, their tutors and curators can claim the preference for the administration, and it should be given them under the charge of their being personally responsible for their acts of administration, and giving security as before required, though those tutors should be the fathers or mothers of the minors. The security "before required," is mentioned in the preceeding article, 1034, which provides that good and sufficient security be given for the fidelity of the administration, without fixing the amount of the suretyship, or the standard by which it is to be regulated. Article 1041, on the contrary, requires that the security to be given by administrators appointed under it, shall be one fourth beyond the estimated value of the moveables and immoveables, and of the creditors comprized in the inventory, deducting the bad debts.

It seems obvious that the amount of the suretyship to be furnished by the surviving parent, appointed to administer a succession of a deceased parent, inherited in part by minor children under art. 1037, depends upon the condition of the succession, or upon the interest the person appointed may have in it, and is a matter to be determined by the judge according to the exigencies of each case. We are satisfied that the bond in question was given and required under this article, and that the judge, in fixing the amount, had only in view the protection of the interest of the creditors who had made themselves known, and who, with the heir of age, may have been satisfied with the security which a bond of that sum offered. Had the bond been given under art. 1041, the amount would have been nearly $110,000, whereas it is only to $46,000. It was not unusual at the time of these proceedings, in some of the parishes of the State, to super-add the administration of a regularly appointed administrator to that of tutor, although the administration by the tutorship would have been legal and adequate of itself for all purposes.

But we consider the law as settled that, the natural tutor or tutrix has a right to administer the succession of the deceased spouse by virtue of the tutorship, unless the heirs of age or creditors require the appointment of an administrator. *Bryan* v. *Atchinson* 2 An. 463, and *The Succession of Story*, 3 An. 502. The surviving parent, who is the tutor of his child, is not bound to give security for the administration of his estate, the tacit mortgage on the property of the tutor affording, in the eye of the law, a sufficient guaranty for the protection of the interests of the minors. The creditors of the succession and the heirs of age being the only persons who could require security from the mother, we think it results that the security given was exclusively for their benefit, and that such is the legal intendment of the suretyship.

The counsel for the appellants has brought to our notice the case of *Ball* v. *Hodge*, 11 Rob. 390, in which it was conceded that a bond given by a mother, who was administratrix, inured to the benefit of heirs. It does not appear by the result of that case that, the questions presented in this case were raised therein; they certainly were not decided by the court; nor does there seem to be any matter of law decided which is applicable to the present case. The report gives no statement of the amount of the bond in that case, nor the circumstances under which it was given. *Judgment affirmed.*